IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL L. FAVORS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1290 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| LT. HOSTOFFER, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Plaintiff, Michael L. Favors, is a state prisoner who alleges that he had a verbal altercation with another inmate during lunch service on September 2, 2009. Inmate Suber is alleged to have attacked Plaintiff after Plaintiff called him an "asshole" (Doc. 5, ¶ IV(C)). Plaintiff was charged with fighting and creating a disturbance and was given 30 days disciplinary custody (Doc. 5, p. 4). Plaintiff brings this suit pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and he has been granted leave to proceed *in forma pauperis*. Plaintiff's sole request for relief is to "prove [his] innocen[ce]." (Doc. 5, ¶ VI).

#### A. Applicable Law.

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

1

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable, i.e., dismissal is appropriate under if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint possesses "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

    **B. Analysis**

Plaintiff alleges that his placement in disciplinary custody when he was innocent is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  Plaintiff's own allegations, however, establish that he did create a disturbance and engage in a fight.  And, in any event, even an **intentionally false** misconduct charge does not qualify as an Eighth Amendment violation. Booth v. Pence, 354 F. Supp.2d 553, 559 (E. D. Pa. 2005).  Likewise, mere placement in segregated confinement, without more, does not violate the Eighth Amendment.  Clifton v. Robinson, 500 F.Supp. 30, 34 (E. D.Pa.1980).  Plaintiff's Eighth Amendment claim necessarily fails.

The only other possible claim in this case is one premised upon Plaintiff's right to due process.  Such a claim requires proof that a protected liberty interest was impaired by the Defendants' actions.  Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471

(1972).  Plaintiff received a total of 30 days disciplinary custody as a result of the misconduct at issue.  A brief period of disciplinary custody is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995).  In fact, the Supreme Court in Sandin found that, in the prison context, a 30 day period of disciplinary custody was not sufficient to create a protected liberty interest for purposes of a due process claim.  Id; see also, Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir.2002) (holding that seven months in disciplinary custody "does not, on its own, violate a protected liberty interest"); Sims v. Vaughn, 189 F. App'x 139, 141 (3d Cir.2006) (67-day placement in the RHU did not involve atypical or significant hardship).  The brief period Plaintiff served in disciplinary custody does not warrant due process protection in the prison context, and Plaintiff cannot state a due process claim.

### III   CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 30, 2009.

November 16, 2009                               s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States Magistrate Judge

cc:
MICHAEL L. FAVORS, 2114-2009
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601